

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 1 6 2013

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FRANK D. CAMPBELL AND          §
KAY L. CAMPBELL,               §
                               §
        Plaintiffs,            §
                               §
VS.                            §   NO. 4:13-CV-630-A
                               §
WELLS FARGO BANK, N.A.,        §
                               §
        Defendant.             §

MEMORANDUM OPINION
and
ORDER

Now before the court is the amended notice of removal filed in the above-captioned action by defendant, Wells Fargo Bank, N.A. Defendant has alleged diversity of citizenship under 28 U.S.C. § 1332 as the sole basis for removal. Plaintiffs, Frank D. Campbell and Kay L. Campbell, also filed a motion to remand, to which defendant filed a response. Although it appears to the court that plaintiffs have failed to allege sufficient authority for granting plaintiffs' motion, nevertheless, having considered the amended notice of removal and the original state court petition of plaintiffs, attached thereto, the court concludes, sua sponte, that defendant has failed to sufficiently allege that this court has subject matter jurisdiction, and that the case should be remanded to the state court from which it was removed.

I.

## Background

Plaintiffs initiated this action by filing their emergency motion for temporary restraining order in the County Court at Law No. 3, Tarrant County, Texas, as Cause No. 2013-004639-3, to enjoin the foreclosure sale of their property by defendant. Defendant then removed the action to this court. On August 20, 2013, pursuant to this court's order, defendant filed its amended notice of removal. Defendant alleges that the court has subject matter jurisdiction under 28 U.S.C. § 1332 because of complete diversity of citizenship between plaintiffs and defendant, and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.

Nowhere in plaintiffs' petition is there any statement of the amount of damages sought or any indication that plaintiffs seek anything other than to enjoin the foreclosure of their property. However, defendant contends that, in the context of foreclosure proceedings, the proper measure of the amount in controversy is the value of the subject property, which defendant asserts is $646,400.00. Defendant argues that the value of the property satisfies the amount in controversy. In support of its position, defendant cites to legal authority standing for the

2

proposition that the right, title, and interest plaintiffs have
in the property constitutes the proper measure of the amount in
controversy in an action such as this one, where a party could be
divested of the property entirely.  Am. Notice of Removal at 5-8.

     After having evaluated the amended notice of removal and all
state court documents, and after reviewing applicable legal
authorities, the court remains unpersuaded that the amount in
controversy in this action meets or exceeds the required amount.

                              II.

                        Basic Principles

     The court begins with a statement of basic principles
announced by the Fifth Circuit:

     Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to
federal court any state court action over which the federal
district court would have original jurisdiction.  "The removing
party bears the burden of showing that federal subject matter
jurisdiction exists and that removal was proper."  Manguno v.
Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.
2001).  "Moreover, because the effect of removal is to deprive
the state court of an action properly before it, removal raises
significant federalism concerns, which mandate strict
construction of the removal statute."  Carpenter v. Wichita Falls
Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation

                               3

omitted).  Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction.  <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks to the plaintiff's state court petition.  <u>Manguno</u>, 276 F.3d at 723.  If it is not facially apparent from the petition that the amount in controversy is greater than $75,000, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing by a preponderance of the evidence that the amount in controversy exceeds that amount.  <u>Id.</u>; <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiff.  <u>Vraney v. Cnty. of Pinellas</u>, 250 F.2d 617, 618 (5th Cir. 1958) (per curiam).  In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation," or "the value of the right to be protected or the extent of the injury to be prevented." <u>Leininger v. Leininger</u>, 705 F.2d 727, 729 (5th Cir. 1983).

III.

## Analysis

Plaintiffs' petition does not make a demand for a specific amount of damages, does not specify a dollar amount of recovery sought that is at least $75,000.00, and does not define with specificity the value of the right it seeks to protect or the extent of the injury it seeks to prevent. As a result, the court evaluates the true nature of plaintiffs' claims to determine the amount actually in controversy between the parties.

The true nature of this action is to maintain possession of residential property plaintiffs used as security for the making of a loan. As the petition alleges, plaintiffs pursues this goal by seeking an order barring any foreclosure proceedings. Am. Notice of Removal, Ex. B-2 at 1-2. Thus, considering plaintiffs' original petition, the court has not been provided with any information from which it can determine that the value to plaintiffs of such relief is greater than $75,000.00.

Defendant contends that the fair-market value of the property should serve as the amount in controversy because plaintiffs request equitable relief to enjoin defendant from foreclosing on the property. Am. Notice of Removal at 6-8. Defendant relies on the oft-cited argument that when equitable relief is sought, the amount in controversy is measured by the

value of the object of the litigation, and when a mortgagor is attempting to protect his property, the fair market value of the property is the amount in controversy. In its notice of removal, defendant suggests that the value of the property is approximately $646,400.00.

The court is not persuaded by the argument that the above figure supplies the basis for plaintiffs' interest in the property, especially given that plaintiffs have not pleaded how much equity they have in the property. Defendant does not cite to, nor can the court discern, any such statement in the petition to support a finding that the value of the property is the amount in controversy. That is, for example, defendant's attribution of the $646,400.00 figure as damages is an act of its own doing--not plaintiffs'. To the extent that these statements suggest that the property value is the proper measure of the amount in controversy in this action, the court rejects that argument.[1]

Plainly, the sole goal of plaintiffs' action is to avoid or delay a foreclosure sale and to be able to retain possession of the property. Nothing is alleged that would assign a monetary

---

[1] The court is familiar with the unpublished Fifth Circuit opinion, Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. 2009). The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011).

value to plaintiffs' accomplishment of that goal.  While plaintiffs appear to request equitable relief based on a claim that they are entitled to hold legal title in the property, they does not assert that such relief is based on a claim that they have outright ownership of the property, free from any indebtedness.  The value to plaintiffs of their right in the litigation is, at most, the value of their interest in the property, not the value of the property itself.  Thus, defendant has not established the value of plaintiffs' interest in the property.

Defendant has not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000.00, excluding interest and costs. Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of defendant to persuade the court that subject matter jurisdiction exists.

IV.

Order

For the reasons given above,

7

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED September 16, 2013.

JOHN McBRYDE
United States District Judge